UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN P. BEWIG, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:05CV635-DJS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION

      In Cause No. 4:02CR546-DJS, movant John Bewig was convicted by a jury of conspiring to distribute a list I chemical, pseudoephedrine, having reasonable cause to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§846 and 841(c)(2). On April 18, 2003, this Court sentenced movant to 240 months' imprisonment, to be followed by a three-year term of supervised release. The conviction and sentence were affirmed on direct appeal, in an opinion dated December 24, 2003. United States v. Bewig, 354 F.3d 731 (8th Cir. 2003). Now before the Court is Bewig's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255.

      Movant presents three grounds for relief. In the first, he asserts that his trial counsel rendered ineffective assistance by failing to object when a Drug Enforcement Administration agent testified that in his opinion methamphetamine was "the number one problem in the Midwest area at this time." Transcript [Doc. #148 in

Cause No. 4:02CR546-DJS], Vol. 2, p.86. To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984).

A constitutionally deficient performance is one that falls "outside the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Counsel's failure to object to the agent's general opinion was not unreasonable or deficient performance. Neither did the failure prejudice movant, in that the Court would have overruled such an objection had it been made, and the momentary testimony movant now challenges cannot be said to have been pivotal to the jury's determination of movant's guilt.

The testimony was given in the context of the introductory portion of the agent's direct examination, during the establishment of his background in drug enforcement and his specialization in the area of methamphetamine manufacture. Movant fails to establish a proper basis for an objection to the agent's response. Movant argues that the testimony lacked "foundation." Motion [Doc. #1], p.3. To the contrary, the agent's experience and expertise, as established by his testimony, were sufficient to support admission of this general opinion either as a lay witness under Fed.R.Evid. 701, as rationally

2

based on his own perceptions, or as an expert witness under Fed.R.Evid. 702, based on his specialized knowledge. An objection to the testimony on the ground here cited by movant would have been overruled, and trial counsel cannot be faulted for forgoing a meritless objection.

Furthermore, the testimony was not fundamentally unfair, and it did not infect the trial with the violation of any particular constitutional right. There exists no reasonable probability that movant would have been acquitted had the witness's now-challenged sentence not been uttered or been ordered stricken. The Court therefore concludes that no prejudice is shown for counsel's failure to make the objection, and the Court finds movant's first ground for relief to be without merit.

Movant's second ground challenges the constitutionality of his sentencing wherein the Court found facts concerning drug quantity and movant's role in the offense, and employed those facts to enhance movant's sentence. Based on movant's alleged "rights to trial by a jury of his peers, due process and freedom from punishment on the basis of any fact not proved to a jury beyond a reasonable doubt," this second ground seeks relief under the theory of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). Motion [Doc. #1], p.4. Movant's conviction became final in early 2004 when he failed to seek appeal to the United States Supreme Court. <u>Booker</u> was decided in January 2005. The Eighth Circuit has now held that the rule announced in <u>Booker</u> "does not apply to criminal convictions that became final

before the rule was announced, and thus does not benefit movants in collateral proceedings." <u>Never Misses a Shot v. United States</u>, 413 F.3d 781, 783 (8th Cir. 2005).

Movant's third ground for relief alleges that his right to due process of law was violated by the "outrageous conduct" of law enforcement officials in prosecuting him. More specifically, movant avers that government officials acted in pursuit of a policy favoring prosecution of individuals of limited socio-economic status, rather than engaging in effective means for actually limiting the manufacture and wholesale distribution of products containing psuedoephedrine, because the latter would disadvantage wealthy corporations and individuals who profit from the trade in such products. This ground is rejected on several bases.

First, movant has not previously before this Court or on direct appeal made such an argument.

> The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165...(1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 823 (8th Cir. 1987)...[Movant] is barred from bringing an action under 28 U.S.C. §2255 for unappealed errors to which no contemporaneous objection was made, unless he can show "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Frady</u>, *supra*, 456 U.S. at 168[.]

<u>Reid v. United States</u>, 976 F.2d 446, 447-48 (8th Cir. 1992). No such cause and prejudice have been argued or demonstrated.

Furthermore, movant cites no authority in support of such a basis for relief from his conviction and sentence. The Court finds

4

the argument utterly unpersuasive and without merit as a basis for §2255 relief. The focus on enforcement of the drug laws against those who sell or employ psuedoephedrine products for unlawful uses, rather than on manufacturers and wholesale distributors who are not shown to intend to profit from the products' use other than in a lawful manner, is not outrageous. Neither does public policy account for defendant's own willful violations of the law. Defendant's prosecution is not shown to have been outrageous or to violate fundamental fairness. No due process violation is shown.

For all the foregoing reasons, and upon careful consideration of the record, including as necessary the underlying criminal file, the Court is convinced that the file and record of the case conclusively show that movant is not entitled to relief. Accordingly, no evidentiary hearing will be had, and the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied by a judgment entered separately herein this day.

Dated this ___4th___ day of October, 2005.

                                       /s/Donald J. Stohr
                                       UNITED STATES DISTRICT JUDGE