UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. BEWIG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05 CV 635 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on movant John P. Bewig's "Motion for Reconsideration Rule 60(d)(3)." Bewig was sentenced to 240 months imprisonment following his conviction by a jury of conspiring to distribute pseudoephedrine, a list I chemical, having reasonable cause to believe it would be used to manufacture a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(c)(2). Criminal Case No. 4:02CR546 DJS. His conviction and sentence were affirmed on appeal. *United States v. Bewig*, 354 F.3d 731 (8th Cir. 2003).

On April 20, 2005, Bewig filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which this Court denied on the merits on October 2, 2005. The Eighth Circuit denied Bewig's application for a certificate of appealability and dismissed Bewig's appeal. *Bewig v. United States*, No. 05-4358 (Aug. 2, 2006). Bewig later filed an additional motion to modify his term of

imprisonment under 18 U.S.C. § 3581(c), which this Court denied on September 8, 2008. After Bewig filed this most recent motion, the case was reassigned to me from Judge Stohr.

Bewig's motion seeks to re-open his § 2255 proceedings under Fed. R. Civ. P. 60(b). Although his motion is somewhat difficult to decipher, Bewig essentially argues that Judge Stohr and attorneys for the United States conspired together to deprive him of his Constitutional rights during his underlying criminal trial, that Judge Stohr's bias against Bewig tainted his consideration of Bewig's § 2255 motion, and that the motion should be reopened in light of Judge Stohr's bias. I disagree, and will deny his motion for the following reasons.

## Discussion

A federal inmate may file a second or successive motion under § 2255 only after receiving authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3). It is well established that inmates may not bypass this requirement by purporting to invoke some other procedure, such as a motion for relief from judgment under Fed. R. Civ. P. 60. *E.g., Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If a district court determines that a Rule 60 motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization

from the Court of Appeals, or, in its discretion, transfer the purported motion to the Court of Appeals. *Id.*

Here, Bewig argues that his motion is not a successive § 2255 motion, but rather a motion for relief under Rule 60(d)(3), because it seeks to reopen his § 2255 proceedings in light of Judge Stohr's alleged misconduct during his criminal trial and his habeas proceedings. Rule 60(d)(3) provides that a district court may "set aside judgment for fraud on the court." *Id.* at 60(d)(3). By contrast, motions under 28 U.S.C. § 2255 seeks to set aside, vacate, or correct an inmate's sentence. In *Gonzalez v. Crosby*, the Supreme Court clarified how district courts should determine whether a motion under Rule 60 is really a successive habeas motion in state habeas cases brought under 28 U.S.C. § 2254:

> We hold that a Rule 60(b) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction. A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3).

545 U.S. 524, 538 (2005); *see also Wade v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009) (analyzing *Gonzalez*). Although the Supreme Court specifically limited its holding in *Gonzalez* to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, this Court has previously applied the principles announced in *Gonzalez* to a § 2255 motion

- 3 -

because of the similarities between the applicable rules and statutes. *See Blackwell v. United States*, Civil Case No. 4:99CV1687 CAS (E.D. Mo. Oct. 14, 2009).

Applying the *Gonzalez* principles to Bewig's motion, I determine that the motion is really a successive habeas petition, rather than a true motion for fraud on the court under Rule 60(d)(3). Bewig does not allege any particular misconduct by Judge Stohr during the pendency of his initial § 2255 motion, aside from Judge Stohr's alleged failure to follow binding precedent when reviewing his motion, or to correct "errors" Judge Stohr made while originally sentencing Bewig. Bewig's other allegations of Judge Stohr's misconduct stem from the underlying criminal trial and sentencing, including Judge Stohr's decision to enhance Bewig's sentence based on his determination that Bewig had conspired to distribute three kilograms of pseudoephedrine. Most of these issues were raised on Bewig's direct appeal and were decided against him, *see generally Bewig*, 354 F.3d 731, and the others could have been brought in both his direct appeal and his initial habeas petition. Essentially, Bewig attempts to circumvent § 2255(h)'s requirement and re-litigate the same issues already raised on direct appeal and in his initial § 2255 motion by labeling Judge Stohr's denial of that motion a "fraud upon the court." This he cannot do. *See Boyd*, 304 F.3d at 814; *see also United States v. Head*, Criminal No. 02-75(1) ADM/RLE, 2010 WL 254857, at *1 (D. Minn. June 21,

2010) (rejecting movant's attempt to re-litigate § 2255 motion in a Rule 60(b) motion because movant merely "alleges constitutional and fraudulent defects in the proceedings of the underlying trial.").

Because Bewig's motion under Rule 60(d)(3) is actually an attempt to file a successive habeas petition, and because he has not received authorization from the Eighth Circuit to file a successive petition, I must deny it. *See* 28 U.S.C. § 2255(h). I note finally that I would deny his motion even if I considered it as a true motion under Rule 60(d)(3). The fraud contemplated by Rule 60(d)(3) "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944). In order to claim relief under this rule, "the movant must show by clear and convincing evidence that his opponent engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case." *Greiner v. City of Champlin*, 152 F.3d 787, 789 (8th Cir. 1998). Because Bewig presents only his own conclusory accusations of fraud by Judge Stohr and attorneys for the United States, his motion would be denied even if appropriately brought under Rule 60(d)(3). *See Head*, 2010 WL 254857, at *1.

Accordingly,

**IT IS HEREBY ORDERED** that movant Bewig's motion for reconsideration [#28] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.