UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. BEWIG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV635 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

Pending before me is movant John P. Bewig's motion to appoint counsel for his appeal of my October 20, 2010 Order denying his motion for reconsideration. Bewig does not have a constitutional or statutory right to counsel in this habeas action under 28 U.S.C. § 2255, *see* 28 U.S.C. § 2255(g); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and I conclude that the interests of justice do not require me to appoint him counsel. *See, e.g., Haggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *see also McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (in determining whether to appoint counsel, district court must consider any relevant factor, including the frivolity of movant's claim, the legal and factual complexity of the case, and the movant's ability to investigate and present his claims). After reviewing the record and Bewig's motion, I conclude that none of those factors weighs in favor of appointing counsel. Bewig's motion for reconsideration –

which attempted to re-litigate issues presented by his original and unsuccessful § 2255 motion without first receiving permission from the Eighth Circuit Court of Appeals to do so – was meritless and frivolous. Moreover, the factual and legal issues presented are not complex, and Bewig has demonstrated that he understands the issues and is capable of representing himself.

For these reasons,

**IT IS HEREBY ORDERED** that John P. Bewig's motion for appointment of counsel on appeal [#38] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2011.